**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4432
_____

ENRIQUE ALVARADO,
                                        Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A073-612-278)
Immigration Judge:  Honorable Henry S. Dogin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 20, 2010

Before:  MCKEE, Chief Judge, SMITH and GARTH, Circuit Judges

(Opinion filed: December 2, 2010)
_____

OPINION
_____

PER CURIAM

Enrique Alvarado, a native and citizen of Guatemala, petitions for review of an

order of the Board of Immigration Appeals ("BIA"), which dismissed his appeal from an

Immigration Judge's ("IJ") order denying him asylum. We will deny the petition for review.

Alvarado entered the United States without inspection in 1993, and applied for asylum within one year of his entry. In 2007 he was charged with being removable for being in the United States without having been admitted or paroled. In proceedings before an IJ, Alvarado testified that he had been president of a community organization that helped poor people in Guatemala from 1989 to 1991. Alvarado began to receive death threats shortly before he left the organization, and he and the secretary of the organization were shot at during an event. Alvarado left the organization in 1991 to go into his own construction business. After some property was stolen from his business, he left for the United States.

The IJ found that he was credible, but that the incidents he recounted did not rise to the level of persecution. The IJ also found that Alvarado did not show a well-founded fear of future persecution on the basis of grounds protected by statute. The IJ denied his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). The BIA agreed with the IJ that the harm Alvarado described did not rise to the level of persecution, and also did not find that Alvarado's fear of persecution based on strife associated with the past civil war in Guatemala was well-founded. The BIA dismissed the appeal.

Alvarado filed a timely, counseled petition for review. In his brief, he raises three issues: (1) the IJ erred as a matter of law in the standard used to determine that

respondent was not eligible for asylum; (2) the BIA's opinion is actually just an affirmance without opinion; and (3) the IJ ignored the U.S. Department of State Human Rights Report regarding current conditions in Guatemala.  We will address the issues in turn.

We review the final order of the BIA, but to the extent that the BIA adopts parts of the IJ's opinion, we review the IJ's opinion to determine whether the BIA's decision to defer to the IJ was appropriate.  Zhang v. Gonzales, 405 F.3d 150, 155 (3d Cir. 2005).  Although Alvarado argues that  the IJ used the wrong standard in making the asylum determination, the BIA reviewed the IJ's application of law de novo.  Thus, legal error on the part of the IJ, if any, is of no consequence.[1]

Alvarado's second issue is that the BIA's decision, although "couched in such a way that it not appear to be an Affirmance Without Opinion actually constitutes such since its language is nothing more than a summary recitation of the [IJ's] decision without any analysis of that opinion."  Petitioner's Brief at 5.  Even if the BIA had

---

[1] Further, we agree with the BIA's legal conclusion that the events recounted by Alvarado do not rise to the level of persecution.  Significantly, "persecution connotes extreme behavior, including threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir. 2003) (quotations omitted).  Although being shot at could constitute persecution, it appears that this was an isolated incident, Alvarado was not hurt, and he did not experience any threats or encounter any other problems once he left the community organization.  Further, although his brief barely alludes to the issue of whether he would face persecution in the future, we agree with the BIA that Alvarado did not establish that he has a well-founded fear of persecution in the future, given that his community involvement occurred nearly two decades ago.

affirmed without opinion here, which it did not, we have explicitly upheld the BIA's use of an affirmance without opinion. Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003) (en banc). "All that is required for our meaningful review is that the agency—as represented by an opinion of the BIA or IJ—put forth a sufficiently reasoned opinion." Id. at 243. The BIA here cited the portions of the record it relied on and explained, albeit succinctly, its reasons for denying Alvarado relief. That is all that is required.

Lastly, Alvarado argues that the IJ ignored the U.S. Department of State Human Rights Report regarding current conditions in Guatemala. However, the first section of the IJ's decision notes that after Alvarado submitted an amended asylum application in 2008, "that document was forwarded to the United States Department of State . . . [which] responded to the Court and referred the Court to the most recent Country Reports on Human Rights Practices for Guatemala." App. At 8. Thus, it appears that the IJ consulted the most recent reports in making his decision. Further, aside from stating that the 2007 report shows that conditions in Guatemala are "abysmal," Alvarado does not indicate anything in the report that should have changed the IJ's decision.[2]

For the foregoing reasons, we will deny the petition for review.

---

[2] Alvarado's brief does not mention the denial of withholding of removal or protection under the CAT. Those issues are therefore waived. Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004).

Enrique Alvarado v. Attorney General of the United States, No. 09-4432

McKEE, <u>Chief Judge</u>, concurring.

Given the controlling legal principles, I reluctantly agree with my colleagues'

conclusion that we must deny this petition for review.   My reluctance is based upon the

incredibly unfortunate manner in which this matter has been handled and the human cost

that may well be visited on Mr. Alvarado as a result.

Alvarado was born in 1936, and he entered the United States without inspection on

or about November 1, 1993 when he was 57 years old.   He filed his application for

asylum, withholding of removal and CAT relief in 1994, within one year of  his entry.  It

is not entirely clear when he was initially  interviewed by an asylum officer after he filed

his applications for relief.  In any event, Alvarado was not charged with being removable

until September 28, 2007, and did not receive a hearing before an Immigration Judge

until September 9, 2008.  He was then 71 years old.  He has never left the United States

since the date of his illegal entry, and he is now 74 years old.

In his brief in support of his petition for review, Alvarado notes that  "he was not

interviewed by the former INS or by USCIS until more than fourteen years after he

entered the United States." Alvarado's Br. at 6.  He then contends that  "[a]s an older

man, his testimony at times seems vague without much detail.  Although he may not

remember many of the details what he does remember is that he is afraid, and he feels

afraid based on his past experiences." *Id*. at 6-7.

I take this to mean that Alvarado is suggesting, however inartfully, that he was

somehow prejudiced by the 14 year delay in having an interview or a hearing on his

applications for relief from removal.  Indeed, the government seems to think so as well.  In its brief, the government writes: "Contrary to his assertion in his brief that he is being penalized for not having an asylum interview sooner, his claim is without merit." Government's Br. at 10.   The government then explains why Alvarado has been neither penalized nor prejudiced by the delay in having an interview or hearing.  *Id*. at 10-13.

I must reluctantly agree that,  based on the record here, Alvarado was not penalized or prejudiced by the 14 year delay.   Nevertheless, the cavalier manner in which this case has been handled should be an embarrassment to the government.  Yet, even now, the government does not bother to explain why it has taken 14 years for it to provide Alvarado with a forum to present his timely filed application for relief. As I have just noted, Alvarado has been in the United States since 1993.   It is fair to assume that, during the more than 14 years that he has resided in the United States, Alvarado has established community ties which will surely be broken by his forced removal to Guatemala.

I realize that Alvarado does not suggest that the delay in removing him somehow establishes a defense to removal or a right to asylum.   I also realize that any such claim would surely fail.   However, if this case did not involve the government acting as a sovereign,  I think there would be a strong argument that the delay bars the government's attempt to remove him. *See United States v. Angell*, 292 F.3d 333, 338 (2d Cir. 2002) ("[L]aches is not available against the federal government when it undertakes to enforce a public right or protect a public interest."),  *see also Costello v. United States*, 365 U.S. 265, 281-82 (1961) (noting that "[i]t has consistently been held in the lower courts that

delay which might support a defense of laches in ordinary equitable proceedings between private litigants will not bar a denaturalization proceeding brought by the Government.").

Nevertheless, I find the government's indifference here and the offhanded manner in which it does not even attempt to explain or justify the unconscionable delay in removing Alvarado troubling. The government has not only failed to provide Alvarado a forum for his asylum claim within a reasonable time, it now apparently thinks that it is appropriate to forcibly return him to the land he fled 14 years ago without even bothering to explain the delay or offer any reason for it.

I can only hope the unconscionable manner in which Alvarado's asylum claim has been handled is unique. It is not at all difficult to imagine a case in which an aged petitioner suffering from dementia (or some other debilitating infirmity that can march concomitantly with the passage of time) could be deprived of relief merely because of the toll occasioned by the delay in providing a forum. Regrettably, asylum seekers in that position may have no recourse other than the discretion of governmental officials responsible for deciding who will be served with a Notice to Appear. Although I certainly do not assume that situations such as this will always go unrecognized, the circumstances here do not give me a great deal of confidence in the manner in which these decisions are made.

3